# James McKindley *et al.*

## *v.*

# Maria Buck *et al.*

1. Practice—*power of court over records after expiration of term.* After a term of the Circuit Court has expired no discretion or authority remains with that court to set aside a judgment. The court may amend it in a mere matter of form, upon due notice to the opposite party. *Cook* v. *Wood,* 24 Ill. 295.

2. Writ of error *coram nobis.* This writ has never been in use in this State, and it has fallen into desuetude even in England. Its place is supplied by motion in the court where, and during the term when, the error in fact occurs.

WRIT OF ERROR to the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The facts of the case sufficiently appear in the opinion of the court.

Messrs. D. C. & I. J. NICHOLES, for the plaintiffs in error, cited the following:

The Superior Court erred in setting aside the judgment after the term had expired at which such judgment was rendered. *Cook* v. *Wood et al.*, 24 Ill. 295.

Proceedings by writ of error *coram nobis* have been superseded by the more summary mode of a direct application to the court by motion. *Pricket's Heirs* v. *Legerwood*, 7 Peters, 144; *Sloo* v. *State Bank of Illinois*, 1 Scam. 436.

A judgment might legally have been rendered against Maria Buck, although she was a married woman, if the evidence warranted it. *Emerson* v. *Clayton*, 32 Ill. 494.

The special demurrer should have been sustained. The assignment of errors states no time or place of marriage. The time of every traversable fact must be stated. Gould's Pleadings, p. 87, § 63; p. 110, § 102; Comyn's Digest, pleader C, 119, 120.

Messrs. HURD, BOOTH & KREAMER, for the defendants in error, cited the following:

Affidavits copied into the record are no part of the record. *Farnsworth* v. *Agnew*, 27 Ill. 44; *Schlump* v. *Reidersdorf*, 28 id. 68.

A motion by Mrs. Buck would not conclude her husband, who is a party to the writ of error. 2 Tidd's Practice, 1135.

The rule, that the court in which the judgment is rendered, cannot set aside after the term at which it is rendered, does not apply to writs *coram nobis*.

The court in which the " *error in fact* " has occurred is the only court in which it can be corrected. *Beaubien* v. *Hamilton*, 3 Scam. 213; *Peak* v. *Shasted*, 21 Ill. 137; 3 Burrill's Practice, p. 151, §§ 1008, 1009, 767, 768, 769.

Mr. Justice Breese delivered the opinion of the Court:

This court decided in 1860, after much consideration, that a term of the Circuit Court having expired, no discretion or authority remained with that court to set aside a judgment. It might amend it in mere matter of form, after notice to the opposite party. *Cook* v. *Wood et al.,* 24 Ill. 295. This decision has been adhered to, and will continue to be. This writ of error *coram nobis,* issued by the Superior Court of Chicago, has very much the appearance of an attempt to avoid this decision, but it cannot succeed.

This old writ has never been in use in this State, and it has fallen into desuetude even in England. Its place is most effectually supplied by the more summary proceeding by motion in the court where the error in fact occurred. In this very case, the defendants in error here, one of them, Maria Buck, entered her motion, at the term at which her default was entered, to set the default aside, and read her own affidavit and one made by her counsel, in support of her motion, which the court denied, and to which she excepted. Resort is then had, after the term was ended, to this obsolete writ, to effect that which, at the term, the court committing the alleged error, refused.

Counsel for defendants in error say, that these affidavits cannot be used here, as they are not in the record by bill of exceptions. Nor should they be. They appear in the record as a part of the history of the case, as made by the defendant Maria Buck, and follow immediately after the judgment by default taken against her, and they contain the facts, on which she then sought to set aside the default, and are the same, substantially, as alleged in the petition to the Superior Court for this writ of error. The court, on a full hearing of the motion, on her own proofs, refused to allow it. It was her business, as she excepted to the ruling of the court, to have embodied her proofs in a bill of exceptions, and thus brought the question before this court. A party cannot be indulged in a resort to different remedies where one properly adopted has failed of suc-

cess on its merits. It would be introducing a dangerous practice, should it be tolerated, and protract litigation to an indefinite extent.

If the defendant Maria Buck, could show a valid excuse for failing to set up her defense in the original suit, and that the judgment was inequitable, a court of chancery would interfere to relieve her. Such a mode of proceeding will best subserve the public interests, and best preserve the rights of all parties. The judgment on the writ of error *coram nobis* is reversed, and the writ quashed.

*Judgment reversed.*