# WILLIAM BARAGWANATH, Impl'd, etc.

## v.

# JOSEPH WILSON, Impl'd, etc.

1. JUDGMENT—DEATH OF ONE PLAINTIFF BEFORE SUIT.—A judgment is not void by reason of the death of one of the parties named as plaintiff, before the commencement of the suit. Such fact can only be taken advantage of by plea in abatement.

2. PRACTICE—AMENDING RECORD—VACATING JUDGMENT.—A record may be amended at a term subsequent to rendering judgment, upon due notice and proper proof; but a court has no power to vacate a judgment actually and finally, without fraud, entered at a previous term.

3. MATERIAL AMENDMENTS NOT ALLOWED.—A court has no power, upon motion, after a term has passed, to change its judgment or the record thereof by striking out the name of a party plaintiff. Such an amendment is not within the statute of jeofails.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed May 28, 1879.

Mr. CHARLES J. BEATTIE, for appellant; that it was proper to have the error corrected on motion, cited Rev. Stat. 1877, Chap. 110, § 67; Rev. Stat. 1877, 742.

The judgment was erroneous: McCreery v. Everding, 44 Cal. 284; Ewald v. Corbett, 32 Cal. 499; Carter v. Carriager, 3 Yerg. 413; Moses v. Tappan, 2 Gray, 412.

It cannot be set aside as to one and remain as to the other plaintiff: Freeman on Judgments, 136; Earp v. Lee, 71 Ill. 193; Smith v. Byrd, 2 Gilm. 412; Shuford v. Cain, 1 Abb. 310; Gould v. Sternburg, 69 Ill. 531.

It was error to amend the record without notice to defendant's counsel: Chiniquy v. Deliere, 40 Ill. 80; Ryder v. Twiss, 3 Scam. 4; Aiken v. Webster, 2 Gilm. 416; Smith v. Wilson, 26 Ill. 186; Linnemeyer v. Miller, 70 Ill. 244; C. & A. St. L. R. R. Co. v. Smith, 78 Ill. 96; Brown v. Keller, 40 Ill. 81; Bowman v. Bowman, 64 Ill. 75; Long v. Thompson, 60 Ill. 27.

Mr. Geo. H. Leonard, for appellee; that a judgment cannot be set aside after the lapse of a term, cited Coursen v. Hixon, 78 Ill. 339; Stoetzell v. Fullerton, 44 Ill. 108; Dorman v. Carpenter, 2 Johns. 184; Hamilton v. Holcomb, 1 Johns. Cas. 29.

By suffering default, defendant admitted all facts properly averred: Mansfield v. Hoagland, 46 Ill. 359; C. & N. W. R. R. Co. v. Coss, 73 Ill. 394.

Defendant has been guilty of unreasonable delay: Ryder v. Twiss, 3 Scam. 4.

The judgment is not a nullity: Underhill v. Devereaux, 2 Sanders, 72; 1 Bac. Abr. 11; Newhouse v. Law, 5 T. Rep. 577.

The objection should have been taken by plea in abatement: Camden v. Robertson, 2 Scam. 507.

The court can amend its record: Cook v. Wood, 24 Ill. 295; McKindley v. Buck, 43 Ill. 488; Church v. English, 81 Ill. 442; Green v. Beals, 2 Caines, 252; Weil v. Simmons, 66 Mo. 617; Rev. Stat. Chap. 7, § 7.

Pleasants, J. At the September term, A. D. 1877, there was an interlocutory judgment by default in favor of Wilson, Bacon and Carpenter, against Baragwanath, impleaded with Pim, and damages assessed and final judgment rendered thereon for said damages and for costs.

In March, 1879, said defendant having been informed that said Carpenter had died before the commencement of said suit, gave notice to plaintiffs' attorney of a motion for the 25th of that month to vacate said judgment and quash the execution issued thereon, on that ground, and supported said motion by his affidavit setting forth said information and his belief thereof.

This motion was continued to the following day, when the plaintiffs' attorney, without notice to said defendant or his attorney, neither of whom were then present in court, entered his cross-motion to strike the name of said Carpenter from the record of said judgment and from all the papers in said cause, which was allowed.

Notice was afterwards given to said plaintiffs and to their attorney, to appear in said court on the 4th day of April, 1879,

at 10 o'clock, A. M., and take up for hearing the original motion to vacate said judgment and quash the execution. This motion the court refused to hear, to which refusal defendant excepted, and further moved to set aside the order of March 26th, to strike the name of Carpenter from the record of said judgment and from the papers filed in said cause, which the court over-ruled, and defendant excepted. From these orders and rulings defendant prayed an appeal, which was allowed, and he here assigns for error the overruling of said last mentioned motion, the sustaining of the said cross-motion, and the refusal to hear said original motion.

That the judgment was not void by reason of the death of one of the parties named as co-plaintiff before the commencement of the suit is manifest from the well established rule that such a fact can be taken advantage of only by a plea in abatement. Camden v. Robertson, 2 Scam. 507.

While the record may at a subsequent term, upon due notice and proper proof, be so amended as to make it truly set forth the action of the court, when there is anything certain, as the judge's minutes, by which to amend, (Church v. English, 81 Ill. 442;) yet the court has no power, upon motion, to vacate a judgment actually, regularly, finally and without taint of fraud entered of a previous term: Coursen v. Hixon, 78 Ill. 339; Windett v. Hamilton, 52 Ill. 180; McKindley v. Buck, 43 Ill. 488; Cook v. Wood, 24 Ill. 295.

Nor does the statute which substitutes motions for writs of error *coram nobis* enlarge its powers in this respect, Coursen v. Hixon, and McKindley v. Buck, *supra.*

The Superior Court did not err, therefore, in refusing to vacate said judgment.

But upon the same authorities above cited, and for reasons therein stated, the court has no more power, upon motion after the term has passed, to change its judgment actually rendered, or the record thereof, except in a mere matter of form within the Statute of Jeofails; and the striking out of the name of a party is not such a matter. Maxcy v. Padfield, 1 Scam. 590; Luke v. Morse, 11 Ill. 587.

The Superior Court did err, therefore, in allowing the

motion and making the order to strike the name of said Carpenter from the record of said judgment. For which error the said order is reversed.

Order reversed.