[Filed October 20, 1886.]

J. H. FISK *v.* D. V. B. HENARIE ET AL.

PARTIES—JOINDER OF—JUDGMENT AGAINST PART ONLY.—In an action against several upon a joint obligation, where all the defendants have been served, judgment may be had against any or either of them severally, where the plaintiff would be entitled to such judgment if such defendants had been sued alone. But this rule does not authorize a recovery against a part of the defendants in such case, where the others are also liable.

SAME—CONTRACT—TENANCY IN COMMON.—Where several tenants in common of land jointly contract with a broker for the sale thereof, they are properly joined in an action for the breach of such contract, unless it appears that such agreement was made in regard to their several interests. It is their agreement that determines their liability, and not the fact that they owned several and unequal interests in the land.

SUPREME COURT—APPEAL — JURISDICTION ON.—This court can reverse, affirm, or modify judgments appealed to it from circuit courts, and direct a new trial when proper to do so ; but it has no right to pass upon questions in advance of those courts, and must confine its action to determinations already had.

MULTNOMAH COUNTY.    Plaintiff appeals.    Reversed.

*H. Y. Thompson, George H. Durham,* and *George H. Williams,* for Appellant.

The designation of Mrs. Martin in the complaint as guardian is mere *descriptio personæ.* Her liability upon the contract is personal. (*Rollins* v. *Marsh,* 128 Mass. 116.)

A motion for judgment, notwithstanding the verdict, and a motion for a new trial, are inconsistent remedies; and the mover must elect which of his remedies he will pursue, and thereafter he is precluded or estopped from resorting to the other. (*Hughes* v. *Dundee Trust Co.*, 28 Fed. Rep. 46; *Bennett* v. *Van Syckel*, 18 N. Y. 483; *Sanger* v. *Hood*, 3 John's Ch. 416.)

The code has changed the rule in relation to judgment in actions upon joint contract, by allowing a judgment to be taken against the party or parties shown to be liable, when the others are not liable. (*General Laws of Oregon*, 117 and 154; *Nixon* v. *Downey*, 49 Iowa, 169; *Ah Lep* v. *Gong Choy*, 13 Or. 205.)

*James K. Kelly*, for Respondents.

Tenants in common cannot jointly maintain an action to recover the possession of land owned by them as tenants in common, and no one has authority to contract for or bind his co-tenants, unless expressly authorized to do so. Each tenant in common is responsible for his own contracts, and not for the contracts of his co-tenants or co-owners. (Ewell's Evans on Agency, 26*, 28*; *Coe* v. *Harahan*, 8 Gray, 198; Freeman, Co-tenancy, § 209.) It is admitted that Donohue was improperly made a defendant. But if the verdict is set aside as to him, it must be as to all. (*Stormlake Town* v. *Iowa Falls Co.*, 62 Iowa, 489.) In order to perform his part of the contract he was bound to prove one of two things: either that the persons procured by Fisk to purchase the property were able to purchase it, and ready and willing to do so on the terms proposed by defendants, and that when they were produced, and offered to pay the price agreed on, the defendants refused to complete the sale (*Fisk* v. *Henarie*, 13 Or. 156; *McGavock* v. *Woodlief*, 20 How. U. S. 227); or, if no purchase money was paid as above stated, then that he produced the proposed purchasers, who entered into contract, which was binding on both parties to it, and which could be enforced at law against the pur-

chasers. (*Finnerty* v. *Fritz*, 5 Colorado, 179; *Kimberly* v. *Henderson*, 29 Md. 515.) In cases where an act is to be done by a third party, to entitle a plaintiff to recover money, it is not enough for such plaintiff to aver that he has performed all the conditions of the contract; he must set forth the contract in substance, or *in hæc verba;* aver the performance of it on his part, and the breach on part of defendants. (Bliss on Code Pl., Secs. 301, 302; Estes Pl., 230, § 89; Id. 626, § 4; *Spear* v. *Downing*, 34 Barb. 523.) Had the pleader stated what were the conditions of the contract, the complaint would have been fatally defective on demurrer. (*Kimberly* v. *Henderson*, 29 Md. 515; *Finnerty* v. *Fritz*, 5 Colo. 179; Bliss Code Pl., 308.)

THAYER, J.—The appellant commenced an action in the court below to recover $60,000, alleged to have been earned by him as a broker, in procuring a purchaser of certain lands, under a contract with certain of the respondents. The case has been twice tried in the lower court, and twice appealed to this court. Upon the first trial certain letters were offered in evidence by the appellant, which the circuit judge excluded, and which were claimed to establish the contract upon which the action was brought. Judgment having been rendered against the appellant therein, he brought an appeal to this court, and it was reversed, and the case remanded for a new trial. Upon said new trial the appellant obtained a verdict in his favor against the respondent. In entitling the verdict the jury included the name of Peter Donohue, though he was dead at the time, and his executors had been made defendants in the action.

Soon after the verdict was rendered, the respondents filed a motion for judgment notwithstanding the verdict, and on the next day filed another motion for a new trial. The appellant during the same time filed a motion for judgment upon the verdict against all the defendants except the executors of said Peter Donohue. They were left out of the motion, for the reason, I presume, that the verdict was rendered against Donohue, and not against them, as before mentioned. The court

heard the said motions, and thereupon denied the motion for judgment upon the verdict, granted the motion for judgment notwithstanding the verdict, and said nothing about the one for a new trial. From the judgment notwithstanding the verdict this appeal was brought.

Among the grounds of error specified in the notice of appeal is, " error of the court in refusing to allow the motion of plaintiff for a judgment upon the verdict"; and this review necessarily involves an examination as to the correctness of that ruling. The grounds upon which the circuit court granted the motion for judgment notwithstanding the verdict, must have been a supposed defectiveness of the complaint. The counsel for the respondent endeavored at the hearing to show that it was entirely insufficient, and to uphold the decision of the court for that reason ; but this court, at the former hearing before referred to, passed upon the sufficiency of this complaint, and held that it was not so defective but that it would uphold a verdict recovered thereon. (*Fisk* v. *Henarie*, 13 Or. 156.) The question that was properly made at that time by the respondent's counsel, was a material question in the determination of, that appeal, and this court now regards itself as bound by its decision then made. Besides, the court, after listening patiently to the counsel upon that point, is still of the same opinion. I think, therefore, that there were no grounds upon which the respondents' motion for judgment could properly have been granted. It is claimed upon the part of their counsel, that unless judgment could have been recovered against all the defendants in the action, it could not be recovered against any of them. That used to be the rule, with a very few exceptions, in actions upon joint contracts ; but the civil code did away with it. " If all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants, if the action had been against them or any of them alone," is the language of Subd. 3 of Sec. 59 of the code of this state. This I understand to be the test, as to when a defendant or defendants in

an action may be dropped, and judgment recovered against the others; that is, it can be done when an action could have been maintained against the latter defendants if they had been sued alone. This provision does not authorize a recovery against a part of the defendants in such a case, where the others are also liable, but only when the others are not liable. If A were to sue B, C, and D, upon a joint obligation, upon which they were all liable, and were all served with summons, he could not recover against any of them severally. He must recover against all or none; but if it should appear that either of them was not a joint obligor, he could recover against those who were, the same as though he had sued them alone. It is not shown in the complaint that Peter Donohue was ever liable upon the contract in suit, and consequently he or his representatives could be dropped out of the case at any time, and it would not affect the others; they could be recovered against the same as if they had been sued alone.

The respondent's counsel contended that there was no cause of action alleged against the defendant, Eleanor Martin. If this were so, she should have been dropped also; but the court does not agree with the counsel upon that point. Because the plaintiff alleged in the complaint that she agreed, " as guardian of the minor children " therein named, to pay the commission, does not render her less liable to him than if she had agreed personally to pay it. The case of *Rollins* v. *Marsh*, 128 Mass. 116, cited by the appellant's counsel at the hearing, supports this view.

Nor is the question as to the amount of interest any of the respondents may have had in the land that appellant was to procure a purchaser for material, unless the agreement sued on was made in reference to their several interests. It is the agreement that determines the extent of the respondents' liability in the premises, and not the fact that they were only tenants in common, or owned several or unequal interests in the land. The broker, in such a case, is not obliged to stop and find out what interest his principal has in the property for which he undertakes to procure a purchaser. The conditions

to be performed, and liability that will be incurred, must necessarily depend upon the terms of the contract.

I can discover no alternative but that the judgment must be reversed, and the case remanded to the court below, for such further proceedings as are consistent with the law and the practice of the courts in such cases. It was urged by the appellant's counsel upon the hearing with much earnestness that this court, in the event that it reversed the judgment, should direct the court below to enter judgment in favor of the appellant upon the verdict; while the respondents' counsel on the other hand insisted that they should be given the right to revive their motion for a new trial, and have it passed upon by the latter court. We have considered these questions, and concluded that the jurisdiction of this court, provided in the constitution and statutes of the state, does not extend to such matters; that it can reverse, affirm, or modify judgments appealed to it from circuit courts, and direct a new trial when proper to do so; but it has no right to pass upon questions in advance of those courts, and must confine its action to determinations already had. The circuit court in this case denied the appellant's motion for judgment upon the verdict, evidently for the reason that it granted the judgment notwithstanding the verdict. Its decision thereon should, therefore, be also reversed.

The judgment of this court is, that the judgment appealed from, and the order denying the motion for judgment upon the verdict, be reversed, for the reasons set forth in the foregoing opinion, and that the case be remanded for the purposes before suggested.