[Filed February 2, 1888.]

JAMES WILSON, APPELLANT, *v.* C. L. BLAKESLEE ET AL., RESPONDENTS.

BONDS, JOINT—MAKERS OF—ACTION AGAINST—FAILURE OF SAME TO APPEAR—JUDGMENT.—Several parties executed a joint bond and were jointly sued on the same. One appeared and answered for all. Subsequently some of them withdrew their appearances, and the court rendered judgment against those withdrawing. *Held*, that the judgment was improperly granted and should be vacated on motion of the plaintiff.

MOTION—NOTICE OF—WITHDRAWAL OF APPEARANCE—EFFECT OF.—Where a defendant entered his appearance and afterwards withdrew the same, *held*, that section 530 of Hill's Code was applicable to his case, and that no notice upon him of the after proceedings therein was requisite.

APPEAL from Union County.

*R. Eakin,* for Appellant.

*T. H. Crawford,* and *Ramsey & Bingham,* for Respondents.

THAYER, J.—This appeal comes here from a judgment of the Circuit Court for the county of Union. The appellant commenced an action against the respondents in said Circuit Court, and alleged in his complaint therein that in a former action in said court, wherein one W. S. Clink was plaintiff and appellant was defendant, to recover the possession of certain personal property, consisting of one hundred and thirty head of cattle and their increase for the years 1881 and 1882 and other property. The plaintiff therein claimed the immediate delivery thereof, and thereupon the respondents executed an undertaking, which recited in effect that the plaintiff had applied for the provisional delivery to him of the personal property sought to be recovered in the action from the possession of the defendant therein; and in which the said respondents as sureties acknowledged themselves bound unto said defendant in the sum of $4,000 for the prosecution of the action for the return of the property to defendant, if return thereof was adjudged, and 'for the payment of any sum which the defendant might recover in the action against the plaintiff. That by means of the said undertaking, and an affidavit made by the plaintiff, and a notice to the sheriff of said county of Union as required in such cases, the said personal property was taken from the defendant in the action, this appellant, and delivered to the plaintiff therein, the said Clink. That said action was tried by the court, and that this appellant recovered judgment against the said plaintiff for the return to appellant of the said personal property, the value of which was assessed at $2,142, and for the sum of $318.50 damages for the wrongful detention of the property, and $450.33 costs and disbursements in the action.

Said appellant further alleged in his complaint that said property, nor any part thereof, had been returned to him; nor had any part of the value of the property, or of the damages or costs or disbursements been paid. That by reason of the premises the respondents were jointly and severally indebted to him in the

sum of $2,900, with interest thereon since the twenty-ninth day of May, 1884, for which he demanded judgment. An answer purporting to be the answer of the respondent Biggers only was filed, controverting a part of the allegations contained in the complaint, and setting forth affirmative matter of defense. After the filing of the answer the appellant's counsel moved the court for default and judgment against the defendants Coffin and Robbins, for want of an answer therein.

The counsel for respondent resisted the motion, claiming that the answer was on behalf of all the defendants in the action. Thereupon said Coffin and Robbins filed the following papers:—

[Title of the cause.]

"Now comes P. M. Coffin and C. E. Robbins *in personam,* and hereby disclaim any part in the answer filed in the above-entitled action, and ask the court to take their names therefrom, and hereby withdraw from further appearance in said action.

(Signed,)                              "P. M. COFFIN.
                                       "C. E. ROBBINS."

Thereupon the court granted the motion of the respondent for default and judgment against said defendants. The judgment recites in effect that the cause coming on to be heard upon the disclaimer filed therein by defendants Coffin and Robbins, and the motion of appellant filed therein for judgment against them upon the complaint, and it appearing to the court that said defendants had, by special personal appearance, filed in writing therein, expressly disclaimed any part in the answer theretofore filed, and withdrawn from further appearance in the cause, and having failed to answer or further plead in the action, and it appearing that they were jointly and severally indebted in the sum of $3,307.02, and thereupon said court ordered and adjudged that the appellant have and recover, etc., the usual form of judgment. The judgment also contains the further order, that the said answer be amended so as to disclose it to be the separate answer of C. L. Blakeslee and G. W. Biggers, two of the defendants in the action.

The defendants in the action, said Blakeslee and Biggers, at a

subsequent term of the said court to which the said cause had been continued, filed a motion asking leave of the court to file a supplemental answer, which having been granted a supplemental answer was filed.    It recited in substance that at the time of the commencement of the action all the defendants therein were duly and personally served with summons, and regularly appeared, etc., then referred to the circumstance of the disclaimer, and of the action of the court thereon, and thereupon, in the language of said answer, submitted that the pretended cause of action against all the defendants jointly was merged into said judgment entered against the two defendants, Coffin and Robbins, and pleaded said judgment as a complete bar to further proceedings of the action.    The defendants demurred to this answer as constituting no defense.    The appellant's counsel then moved to vacate the judgment entered against said Coffin and Robbins, for the reason that the entry was not authorized by law and was void.    The demurrer and motion were heard by the court at the same time, and the former was overruled and the latter denied. The case at this juncture, figuratively speaking, was in convulsions, and the court evidently concluded to let it remain in that condition.    At a subsequent term of the said court to which the cause in its distorted shape had been continued, the appellant's counsel renewed his motion to vacate the judgment entered as mentioned, and the counsel for the defendants Blakeslee and Biggers moved the court to dismiss the action, upon the ground, I suppose, that it was upon a joint claim, and judgment having been taken against two of the joint contractors when all of them had been made defendants in the action and been served with summons, it operated as a bar against all.

The court denied the appellant's motion to vacate the judgment, and granted the motion of the respondents' counsel to dismiss the case as to Blakeslee and Biggers, which terminated the agony attendant on the affair in the Circuit Court.    The appellant brings this appeal from the judgment of dismissal, and seeks to review the orders refusing to grant the motion to vacate the judgment, and the order dismissing the action as to the said defendants Blakeslee and Biggers.    The question in the outset

was simply to recover upon an alleged breach of the said undertaking. The undertaking was a joint obligation upon all the defendants in the action. They did not deny in their answer (conceding it to have been the answer of all of them) its execution, but sought to establish that they were not liable thereon by reason of discrepancy in the proceedings under which the property was taken from the appellant by the sheriff of Union County. Why the action was not tried and disposed of, without the interposition of the number of motions and demurrers, resulting ultimately in its entanglement to such an extent that its merits were not reached, would astonish a practical minded attorney, and serve to confirm the ordinary laymen in the belief that the law is a species of jugglery. It is unfortunate that legal proceedings are not conducted always with a view of justly and speedily determining the disputes and controversies between parties respecting their personal and property rights in the complicated state which their transactions often assume.

Our system of jurisprudence will not be respected or upheld unless conducted for the object and purpose of settling the disagreements between parties, honestly, promptly, and economically. This is the second time this case has been here, and it presents now only a "jangle." No question arising out of a disagreement between the parties affecting the merits of their controversy is brought here for our consideration. The appellant's counsel evidently mistook the undertaking as a joint and several obligation, and took judgment against the defaulting defendants accordingly, when it is a mere joint obligation, and he had no right to have any such judgment entered. The rule upon that subject was referred to in *Fisk* v. *Henarie*, 14 Or. 29, which is as follows: "In an action against several upon a joint obligation where all the defendants have been served, judgment may be had against any or either of them severally where the plaintiff would be entitled to such judgment if such defendant or defendants had been sued alone. But the rule does not authorize a recovery against a part of the defendants in such case where the others are also liable."

The judgment therefore which was entered against Blakeslee

and Biggers was irregular. The court erred in allowing it; and if said defendants had moved to set it aside, the court would have been compelled to grant the motion. Their having withdrawn their appearance did not authorize the entry of judgment against them, until a recovery was had against the defendants who were defending against the action. Its entry, however, barred any further proceedings upon the part of appellant. His counsel seemed to realize the situation of the affair when the application was made for leave to file the supplemental answer, and he then filed the motion to have the judgment vacated. That was the only way out of the difficulty, and the court should unhesitatingly have granted the motion. The material rights of parties must not be sacrificed on account of mistakes made in the proceedings. Because the appellant's counsel made the blunder, which was occasioned evidently through the misconception of the nature of the obligation of the undertaking, his client should not be deprived of his claim against the defendants who interposed the defense. Attaching importance to technicalities of that character is a travesty on the administration of justice. The respondents' counsel claimed at the hearing that a showing should have been made upon the part of the appellant that the entry of the judgment occurred through mistake before the motion to vacate it could be granted. I do not think that point was well taken. The record shows beyond question that it was a mistake, not only upon the part of the appellant's counsel, but on the part of the court, and that the latter committed an error when it refused to allow a correction of it to be made. In view of the circumstances of the affair, an affidavit that the motion for the default and judgment was inadvertently made would not strengthen the proof of the fact. Said counsel also claimed that notice of the motion should have been given to the defendants Coffin and Robbins before the motion could properly be granted.

The Code provides that when the defendant has not appeared, notice of motion or other proceedings need not be served upon him, unless he be imprisoned for want of bail, or unless directed by the court, or judge thereof, in pursuance of this Code. (Civ.

Code, § 520.)   Coffin and Robbins had appeared in the case, but they subsequently withdrew their appearance therefrom absolutely, and it seems to me that after such withdrawal, they occupied the same position with reference to the case they would have occupied if they had never appeared at all.   Again, there could have been no necessity in giving them notice.   The judgment was erroneously entered against them; it was presumably prejudicial to them, and to require that they should be notified before the error committed against them could be corrected, and they relieved therefrom, would be to require the observance of a degree of fastidiousness that I utterly fail to appreciate.

The judgment appealed from should be reversed, the orders denying the motions to vacate the judgment be set aside, and the case remanded to the Circuit Court for further proceedings, in accordance with the principles of this opinion.

STRAHAN, J., dissenting.—I am unable to concur in the views of my associates in this case, and will therefore indicate briefly the grounds of my dissent.   In doing so I do not propose to discuss the power which courts of general jurisdiction have over their records after the adjournment of the term.   Such power, whatever may be its extent, must be derived from some statute, or else it is a common-law power which such courts have been accustomed to exercise.   The power involved here is not statutory.   Section 102 of Hill's Code vests in courts of record in this State power in their discretion, and upon such terms as may be just, at any time within one year after notice thereof, to relieve a party from a judgment, order, or other proceeding taken against him through his mistake and advertence or excusable neglect.   While I concede that in view of the objects designed to be accomplished by this statute, a party in whose *favor* a judgment is rendered, but who is in fact prejudiced by it, might be entitled to have relief under its provisions, there is no showing of any kind to bring the appellant's case within any of its provisions.   I think it manifest, therefore, that he can claim nothing by virtue of this section of the Code, and that whatever power the court may rightfully exercise in this case is derived wholly

XVI. OR. — 4.

and entirely from the common law. It is not intended to try to define the extent of such power. I know that the authorities are not uniform on the subject, and it is unnecessary to try to reconcile them.

Conceding that under proper circumstances the power sought to be invoked exists, which may be seriously questioned, two insuperable objections present themselves to my mind: (1) No notice was given to any of the parties to the action of the making of the motion; it was wholly *ex parte;* and (2) the ruling of the court thereon is sought to be questioned and reversed as against the original defendants Coffin and Robbins, neither of whom was served with the notice of appeal.

1. When the term of court ended at which the judgment against Coffin and Robbins was rendered, said court ceased to have any further jurisdiction over them. It could take no step in the action in any way affecting them without notice, or in some manner acquiring jurisdiction over them personally. Such notice is of the very essence of jurisdiction. As was said in *Littleton* v. *Richardson*, 34 N. H. 179: "Notice of some kind is the vital breath that animates judicial jurisdiction over the person. It is the primary element of the application of the judicatory power. It is of the essence of a cause. Without it there cannot be parties, and without parties there may be the form of a sentence but no judgment obligating the person." The following authorities show the necessity of notice in such cases: *Cook* v. *Wood*, 24 Ill. 295; *O'Conner* v. *Mullen*, 11 Ill. 57; *Smith* v. *Wilson*, 26 Ill. 186; *Swift* v. *Allen*, 55 Ill. 303; *Morris* v. *Bienvenu*, 30 La. An. 878; *Dunham* v. *South P. Commrs.* 87 Ill. 185; *Green* v. *Probate Judge*, 40 Mich. 244; *Baragwanath* v. *Wilson*, 4 Ill. App. 80; *Gray* v. *Robinson*, 90 Ind. 527; *Reynolds* v. *Anspach*, 14 Ill. App. 38; *Mitchell* v. *Lincoln*, 78 Ind. 531; *Hall* v. *O'Brien*, 4 Scam. 405; *Thompson* v. *Bishop;* 24 Tex. 302; *McKindley* v. *Buck*, 43 Ill. 488; *Hettrick* v. *Wilson*, 12 Ohio St. 136; *Ingram* v. *Belk*, 2 Rich. 111; *Ragh* v. *Ritchie*, 1 Bradw. 188; *Lill* v. *Stookey*, 72 Ill. 495; *McKee* v. *Ludwig*, 30 Ill. 28; *Lane* v. *Wheless*, 46 Miss. 666; *Coleman* v. *McAnulty*, 16 Mo. 173; 57 Am. Dec. 229; *Nuckolls* v. *Irwin*,

2 Neb. 60. I have purposely avoided entering upon any discussion of the question of the power of courts to vacate their judgments after the term at which they were entered upon *notice being given*, for the reason that I wish to place my dissent distinctly on the ground that notice was not given; but respectable authorities hold that unless the power be conferred by statute, courts have no such power. (Freeman on Judgments, § 96, and authorities cited.)

2. Equally plain to my mind is the other question. If Coffin and Robbins had appeared in the court below upon the hearing of the plaintiff's motion to set aside and vacate the judgment taken against them, the action of the court in refusing to allow the motion could not be reviewed here, it seems to me, without making them parties to this appeal by the service of the notice of appeal upon them. This was not done, and I think for that reason that no part of the case relating to or affecting them in any way is before this court on this appeal. They are as complete strangers to this record before us as though they had never been parties to it.

I have no doubt that the judgment of the court below ought to be affirmed.