CHARLES H. SUTHERLAND V. HUGH S. HOLLIDAY.

FILED JUNE 4, 1902.  No. 11,798.

Commissioner's opinion, Department No. 1.

1. **Evidence:** JOINT LIABILITY: INSTRUCTION.  When evidence tends to show only a joint liability of parties sued jointly on a contract, it is error to instruct jury that finding may be against one or all.

2. ——: ——. Evidence of a joint liability will not support a finding against only one of defendants jointly sued.

3. Instruction: LEASE. An instruction which assumes to tell the jury under what circumstances two of the defendants will be bound by the terms of a lease is erroneous, if it ignores a material condition which has been testified to by both defendants.

ERROR from the district court for Pierce county. Tried below before CONES, J. *Reversed.*

*O. J. Frost,* for plaintiff in error.

*Barnhart & Free* and *G. T. Kelley, contra.*

HASTINGS, C.

In this case the defendant in error brought suit in the district court to recover $657 as damages for alleged failure on the part of the plaintiff in error, Sutherland, and his two sisters, jointly with him, to deliver possession of a farm which the defendant in error claimed to have leased from them for one year, beginning March 1, 1899. The farm had belonged to the father of the three defendants and the father's estate was in process of settlement, when, in October, 1898, the plaintiff claims to have rented it. The answer admits that the defendants owned the farm by inheritance from their father, and were in possession of the farm at the time alleged, and admit that the plaintiff placed some material for a corncrib and wire fence upon the premises, and that they refused to permit him to occupy the land, and denies any leasing to him on their part, or that of any one of them. A verdict was returned for two of the defendants, but against Charles H. Sutherland for $200. He has brought error to this court to reverse judgment on that verdict.

He complains that there is no evidence sufficient to uphold the verdict against him. He complains of instructions 2, 4 and 5, given by the court upon its own motion. He also complains because, when the jury came into open court with this inquiry, "If we find that there is damages,

can it be assessed to one of the defendants?" the court replied, "If you find from the evidence, under instructions heretofore given, in favor of plaintiff, a recovery may be had against all or either of the defendants." It is claimed that the court was wrong in thus telling the jury that they might assess all damages against one of the defendants, who held only one-third interest in the property. The giving of instruction 2 asked by plaintiff and the refusal of instruction 3 requested by defendants, are also complained of in the brief.

As regards the complaint of instructions 2, 4 and 5, given by the court, it does not seem necessary to discuss them. They are complained of *en masse,* and instruction 2 is merely a brief statement that the defendants admit in their answer the placing of corncrib material and some wire fence upon the premises by the plaintiff, and that they refused to allow him to occupy the land. There seems to be no objection to telling the jury this, and consequently the defendant Sutherland can not complain *en masse* of the three instructions.

The first real question presented by this case is whether or not the trial court was correct in telling the jury that they were at liberty to assess damages against any one or all of the three defendants. The petition alleges a lease by all of the defendants; alleges the placing of improvements upon the land by virtue of a lease; alleges that the premises were in the possession of defendant Sutherland, who, with the other defendants, claim to be owners of the premises; that Sutherland had authority to lease them, and, together with Mrs. Hammond, did lease them, on the terms stated. It is alleged that all of the defendants refused to fulfill their contract, and the damages are claimed by reason of such refusal, and the failure to obtain possession and use of the premises. In short, the petition asserts a joint liability, *ex contractu,* against three defendants, all of whom answer in the case. "At common law, where several defendants are sued jointly in an action *ex contractu,* the plaintiff must have judgment against all of

the defendants who are before the court  *  *  *  or he can have judgment against none." 11 Ency. Pl. & Pr., 847.

Long v. Clapp, 15 Nebr., 417, is an action on an alleged joint warranty of certain sheep. There was evidence of the contract only against one defendant. Verdict and judgment were against both, and a joint petition in error was held bad because under section 429 of the Code of Civil Procedure, judgment against part of the defendants was authorized, and it could not be set aside as to both.

In Roggenkamp v. Hargreaves, 39 Nebr., 540, it was held that a judgment might properly be rendered against one of two defendants sued on an account as partners.

In Ohio, whence Nebraska took this section 429, it has been held to authorize a judgment against part of the defendants sued jointly on a joint contract. Lampkin v. Chisom, 10 Ohio St., 450; Roby v. Rainsberger, 27 Ohio St., 674, 676; Humphries v. Huffman, 33 Ohio St., 395.

In New York, under a quite similar and only slightly broader statute, it has been uniformly held that the rule in suits upon contract is precisely the same as in torts,— that all or any of the defendants may be found liable. Brumskill v. James, 11 N. Y., 294; McIntosh v. Ensign, 28 N. Y., 169; Barker v. Cocks, 50 N. Y., 689.

In both of these states judgment in a suit against defendants jointly is a bar to any separate action, because of this Code provision. Roby v. Rainsberger, 27 Ohio St., 674. Evidently, as a matter of abstract law, the learned trial court was right in so instructing the jury. It remains to be ascertained if the instruction was correct under the evidence in this case. This statute does not authorize a finding and judgment against one defendant where there are others duly served with process who are also liable. Bazell v. Belcher, 31 Ohio St., 572. It can not have been intended that courts or juries could arbitrarily hold certain parties to contracts as liable upon them, and arbitrarily excuse other parties to them from the same liability for the breach. It is so held under a slightly different wording of the Oregon statute. Fisk v. Henarie,

14 Ore., 29; *Wilson v. Blakeslee,* 16 Ore., 43. In this case the evidence discloses that the leasing, if there was one, was by the sister, Mrs. Hammond. No attempt was made to show more than a ratification by defendant Charles Sutherland. Mrs. Hammond is expressly shown to have been present and a party to the refusal to allow plaintiff to take possession of the farm on March 1st following. If there was a liability on the part of either defendant for a breach of contract, there certainly was one against Mrs. Hammond. Under such circumstances, a finding against Sutherland alone is not sustained by the evidence, and it was error to tell the jury "that a recovery may be had against all or either of the defendants."

Instruction No. 2 given by the court at the request of plaintiff seems to be faulty, at least, in omitting an important element of the case. It told the jury that, if Mrs. Hammond and Sutherland agreed with plaintiff for a lease, they would be liable, whether Mrs. Hayford assented to or repudiated it. There was evidence tending to show that the assent of the two others, as far as it went, was upon the express condition that it should be satisfactory to all three of the owners; this element of the evidence is disregarded in this second instruction. As the cause must be remanded for further proceedings, nothing would be gained by discussing the evidence further.

For the error in permitting a verdict against Sutherland alone to be given, and to stand on this evidence, and in omitting to include among the elements of the case defendant's evidence as a conditional character of the agreement, it is recommended that the judgment of the district court be reversed, and the cause remanded.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.