Decided 26 December, 1899.

## WACHSMUTH v. ROUTLEDGE.

[51 Pac. 443, 59 Pac. 454.]

1. APPEAL—TIME FOR FILING TRANSCRIPT.—The words "by the second day," in Hill's Ann. Laws, § 541, providing for filing of the transcript on appeal "by the second day" of the next term, mean on the second day, and a transcript filed during such day is in time.

2. RULES—EXTENDING TIME TO FILE ABSTRACT.—Under the rule of court providing that appellant's attorneys shall file a printed copy of the necessary part of the record within twenty days after the transcript is filed, and that no case shall be docketed for hearing until this and other rules are complied with, "except by order of the court," the court is authorized to extend the time for filing the record for a reasonable time, without notice to the adverse party, when the time has not been already extended.

3. COMPUTING TIME—SUNDAY.—Where a record was ordered to be filed on November 14, which was Sunday, and it was filed on November 15, the filing was in time, under Hill's Ann. Laws, § 519, providing that, when the last day for doing an act falls on Sunday, such day shall be excluded.

4. APPEAL—RECORD.—The question of error in directing the jury to return a sealed verdict, and permitting them to separate before returning the same, without consent of counsel, is not raised by bill of exceptions, not showing separation, but merely that the court adjourned with instructions to return a sealed verdict, and that, on its convening next day, a sealed verdict was returned; there being no error if the jury did not separate before returning "with their verdict."

From Multnomah : E. D. SHATTUCK, Judge.

Action by M. Wachsmuth against Alexander Routledge, doing business as the Portland Oyster Company. Judgment for plaintiff. Defendant appeals. A motion to dismiss the appeal was overruled, and the judgment was affirmed owing to the absence of appellant's attorney. This was afterward set aside, and the cause fully tried.

MOTION OVERRULED : AFFIRMED.

Decided 27 December, 1897.

ON MOTION TO DISMISS APPEAL.

[51 Pac. 443.]

*Mr. A. King Wilson*, for the motion.

No appearance, *contra*.

Mr. Chief Justice Moore delivered the opinion.

This is a motion to dismiss an appeal. The facts material to the inquiry are that on October 5, 1897, the second day of the regular term of this court next after the appeal was perfected, the appellant filed herein the transcript of the cause, and within twenty days thereafter applied for and obtained, without notice to the adverse party, an extension of twenty days to prepare an abstract of the record, which was filed on November 15, 1897.

1. Counsel for respondent contends that the transcript was not filed within the time prescribed by law. The statute upon this subject provides that, "upon the appeal being perfected, the appellant must, by the second day of the next regular term of the appellate court thereafter, file with the clerk of such court the transcript of the cause, as provided in this section, and thereafter the appellate court has jurisdiction of the cause, and not otherwise:" Hill's Ann. Laws, § 541. The point insisted upon assumes that the words "by the second day," etc., as used in the statute, do not mean on but before the second day of the next regular term, etc., and counsel cite and rely upon the cases of *Rankin* v. *Woodworth*, 3 Pen. & W. 48; *Miller* v. *Phillips*, 31 Pa. St. 218, and *Richardson* v. *Ford*, 14 Ill. 332, which, in effect, hold that a contract to complete work by a certain time means that it shall be done before that time. We do not feel bound to follow the definitions of words as given by other courts, and since the word "by," as used in Section 541, Hill's Ann. Laws, has been understood by counsel and treated by this court to mean on the second day, etc., the adoption of such a construction, even in the absence of an adjudication upon the subject, has become the settled policy and rule of practice in this state; and to change it

now could do no good, but must necessarily result in producing incalculable injury to parties appellant who have causes in this court for trial.

2. It is contended that the extension of the time to file the abstract, without notice to the adverse party, is a violation of Rule 4 of this court, which provides that, "within twenty days after the transcript is filed in a civil case, the appellant shall serve upon the attorney for each respondent a printed copy of so much of the record prepared, as hereinafter provided, as may be necessary to a full understanding of the questions presented for decision, and file with the clerk of this court proof of such service together with twelve copies of said abstract, and no case shall be docketed for hearing until this and other rules are complied with, except by order of the court:" 35 Or. 587, (61 Pac. ——). This exception authorizes an extension of time in which to file the abstract, and it has been understood by the bar that, if the time demanded be reasonable, no notice of the application need be given to the adverse party; but if already extended, or the time asked for be unreasonable, notice must be given to the adverse party, or his consent obtained, before such extension will be allowed. We think the order allowing the additional time was not made in violation of our rules.

3. It is also contended that the abstract was not filed within the extended period. The time allowed expired on November 14, but, as that day was Sunday, the appellant had all of the next day (Hill's Ann. Laws, § 519); and, having filed the abstract on the fifteenth, it was filed in time, and the motion to dismiss the appeal is overruled. MOTION OVERRULED.

Decided 26 December, 1899.

ON THE MERITS.

[ 59 Pac. 454.]

For appellant there was a brief over the name of *Cake & Cake*, with an oral argument by *Mr. Wm. M. Cake.*

For respondent there was a brief and an oral argument by *Mr. A. King Wilson.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

Counsel for appellant has endeavored to present the question whether it was error in the trial court to direct the jury to return a sealed verdict, and to permit them to separate before returning the same, without the consent or agreement of counsel. As it respects the issue thus stated, the bill of exceptions shows the following : "That thereafter [the jury having been instructed] the said court adjourned, with instructions to said jury to return a sealed verdict ; that counsel for defendant was not informed of said instructions, and did not agree thereto ; that thereafter, and after the court had adjourned, and upon its convening upon the following day, the jury in the above-entitled action returned a sealed verdict in favor of the plaintiff, and against the defendant, for the sum of $100, neither of the parties nor their counsel being present ; that thereafter the jury was discharged by the court, and on the same day defendant's counsel learned of said instruction and of said verdict, and excepted thereto not sooner than five days, and within the time allowed by the court to file a motion for a new trial." It is suggested *aliunde* that the jury separated after agreeing upon and sealing their verdict. "A sealed verdict," says Fitnam, "is generally of no force or validity until it has been affirmed by the jury in open court. The consent of counsel and direction of the court that the jury

may seal their verdict goes no further than to permit the jury to separate for the night after arriving at a verdict :" Fitnam, Trial Proc. § 638. It is apparent from this exposition of law that the only error of which the appellant could complain is that of allowing the jury to separate before returning with their verdict into court. But the bill of exceptions does not show the fact of separation. The rule of law is so well established as to have become axiomatic that he who alleges error must make it appear affirmatively from the record ; it will not be presumed : *Dawson* v. *Pogue,* 18 Or. 94, 114 (22 Pac. 637). So that the question sought to be presented is not here, and we are not warranted in going outside of the record to decide it : *Maling* v. *Crummey,* 5 Wash. 222. (31 Pac. 600). In this view of the controversy, the judgment of the court below will be affirmed, and it is so ordered.

AFFIRMED.