Argued 4 December, 1899; decided 15 January, 1900.

**SPENCER v. CARLSON.**

[59 Pac. 708.]

Right of Aliens to Purchase Tide Lands.—Under Act 1891, Section 1 (Laws, 1891, p. 189), authorizing the Board of School Land Commissioners to sell tide lands "to citizens of the State of Oregon," and section 2, requiring a purchaser to file with his application an affidavit that he is a citizen of the United States and of the State of Oregon, an unnaturalized alien who has declared his intention to become a citizen is not qualified to purchase lands under such act.

From Clatsop : Thos. A. McBride, Judge.

Bill by Thomas Spencer against J. P. Carlson. From a decree for plaintiff, defendant appeals.

Reversed.

For appellant there was a brief over the name of *J. H. & A. M. Smith*, with an oral argument by *Mr. John H. Smith*.

For respondent there was a brief over the name of *Fulton Brothers*, with an oral argument by *Mr. George Clyde Fulton*.

Mr. Justice Bean delivered the opinion.

The relief sought in this suit is that the defendant be decreed to hold the legal title to a tide island in the Columbia River in trust for the plaintiff. The facts, in brief, are that the plaintiff applied to the Board of School Land Commissioners for the purchase of the land in controversy, but by mistake of the county surveyor it was misdescribed. His application was allowed, the land sold, and a deed executed to him on September 4, 1895, describing the property as in his application. A few days later the defendant, with full knowledge of the facts and the error in plaintiff's deed, applied for the purchase of the island, describ-

ing it correctly, and the board sold and conveyed it to him. Thereafter the plaintiff brought this suit, and, it being decided in his favor, the defendant appeals.

At the time of plaintiff's purchase, he was a resident of the state, but not a citizen of the United States, although he had declared his intention to become such; and the only question to be determined on this appeal is whether an alien who has declared his intention to become a citizen of the United States is a qualified purchaser of tide lands under the act of February 21, 1891 (Laws, 1891, p. 189). By section 1 of this act the Board of School Land Commissioners is authorized and required to sell the tide and swamp lands of the state, including tide flats not adjacent to the shores, and situated within the tide waters of the Columbia River and Coos Bay, to citizens of the State of Oregon, in quantities not exceeding three hundred and twenty acres to any one person, and at a price not less than $1 per acre. Section 2 provides that any person desiring to purchase any of such lands shall file an application therefor with the board of commissioners, containing a precise description of the lands applied for, and that such application shall be accompanied with the affidavit of the applicant "that he is a citizen of the United States and of the State of Oregon, that he has not made any previous purchase of similar land which, together with the land described in the application, would exceed three hundred and twenty acres," etc. The remaining sections have no bearing upon the question now before us. It will be observed that by the first section the board of commissioners is authorized and empowered to sell the lands mentioned in the act to citizens of the State of Oregon, while the second section requires the application for the purchase of such lands to be accompanied by the affidavit of the applicant that he is a citizen of the United States and of the State of Oregon; and the controversy

in this case grows out of these two provisions of the act.

On behalf of the plaintiff it is claimed that one may be a citizen of the state without being a citizen of the United States, and that the act requires the board of commissioners to sell to citizens of the state, whether they are citizens of the United States or not; while the defendant contends that the several provisions of the act, when taken together, show the intention of the legislature to limit the right to purchase to such citizens of the state as are also citizens of the United States. It is not entirely clear from the authorities that a man may be a citizen of the state without being also a citizen of the United States. In an early case, which has been recently approved in *City of Minneapolis* v. *Reum*, 6 C. C. A. 31, 56 Fed. 576, Mr. Justice Miller, sitting at the circuit, said : "I am of opinion that no state can make the subject of a foreign prince a citizen of the state in any other mode than that provided by the naturalization laws of congress; that when the constitution (Article I, § 8) says that congress shall have power 'to establish a uniform rule of naturalization, and uniform laws on the subject of bankruptcies throughout the United States,' it designed these rules, when established, to be the only rules by which a citizen or subject of a foreign government could become a citizen or subject of one of the states of this Union, and thereby owe allegiance to such state and to the United States, and cease to owe it to his former government:" *Lanz* v. *Randall*, 4 Dill. 425 (Fed. Cas. No. 8,080). But an exactly opposite inference may be drawn from the expressions of the Supreme Court of the United States, and especially in the *Dred Scott Case*, 60 U. S. (19 How.) 393, 15 L. Ed. 691. And the courts of Wisconsin and Louisiana, relying mainly upon such expressions, have held that each state may, as a result of its sovereignty, confer the rights of citizen-

ship upon whomsoever it pleases, so far as to make him a citizen of the state, but not of the United States :  *In re Wehlitz*, 16 Wis. *443 (84 Am. Dec. 700) ;  *State v. Cole*, 17 Wis. *674 ;  *State v. Fowler*, 41 La. Ann. 380 (6 South. 602) .

But we do not deem it necessary to decide this question, for it is an elementary rule of construction that all the parts of a statute relating to the same subject-matter should be construed together, and that the details of one part may contain regulations and provisions limiting or restricting general expressions or words in another part of the law :  Sutherland, St. Const. § 215 ;  Endlich, Interp. Stat. § 35 ;  *Simonds v. Powers' Estate*, 28 Vt. 354 ;  *State ex rel. v. Mitchell*, 50 Kan. 289 (33 Pac. 104, 20 L. R. A. 306). As Mr. Sutherland says, "The context may thus serve to ingraft an exception by implication to dispose of an apparent conflict, to restrict general words, to limit them to the subject-matter of the act, or to expand words beyond their natural import if taken alone :" Section 216.   Applying these elementary rules to the act of 1891, it seems clear that the term "citizens of the State of Oregon," used in the first section was intended to include only such citizens as possessed the special qualifications required by section 2.   The first section authorizes and empowers the board of commissioners to sell the tide lands to a certain class of persons, but does not further specify the qualifications of the purchaser.   The second section, however, undertakes to, and does, provide in detail how and by whom the purchases shall be made, and requires that the purchaser shall make an affidavit that he is a citizen of the United States and of this state, and has not made previous purchases of similar lands which, together with the land described in his application, would exceed three hundred and twenty acres.   A citizen of the state, unless he is also a citizen of the

United States, cannot become a purchaser under the act, because it is impossible for him to make the affidavit required as a condition precedent to his right to purchase. No one but a citizen of the United States can comply with the requirements of the statute in this regard. It is a cardinal rule for the construction of statutes that force and effect must be given, if possible, to every word, clause, and sentence of the act, and that it must be so construed as to make all the parts harmonize with each other, and render them consistent with its general scope and object; and this can be done in the case at bar by holding that the specific provisions of section 2 limit and qualify the general terms of section 1. We are of the opinion, therefore, that under this act no one but a citizen of the state, who is also a citizen of the United States, is entitled to purchase the lands referred to in the statute; and hence the plaintiff was not a qualified purchaser, and is not entitled to the relief demanded. The decree of the court below must therefore be reversed, and the complaint dismissed, and it is so ordered.    REVERSED.

Decided 15 January, 1900.