Motion to dismiss allowed and decided March 7, 1911, reinstated April 4, 1911.    Argued on the merits March 27, decided April 9, rehearing denied May 14, 1912.

## ZELIG v. BLUE POINT OYSTER CO.

[113 Pac. 852: 122 Pac. 757.]

JUDGMENT—AMENDMENT IN SAME COURT—TIME FOR APPLICATION.

1. A court's power to amend its judgment as to matters of substance, though still existing as to clerical errors, ceases with the term at which it was rendered, unless it retains its jurisdiction over it for subsequent purposes by the filing at such term of a motion for new trial or by some such means.

APPEAL AND ERROR—FINAL JUDGMENT.

2. Right to appeal from the final judgment is not affected by the rendering of subsequent orders in form final, but void because made at a subsequent term, without jurisdiction therefor having been retained by appropriate means.

TIME—DAYS—EXCLUDING LAST DAY—SUNDAY.

3. An order, made by consent of parties, "that defendants have up to and including the second day of October, 1910," to file the transcript, is to be construed, not according to Section 531, L. O. L., declaring that the time within which "an act is to be done as provided in this Code" shall be computed by excluding the first day and including the last, unless the last day fall on Sunday, in which the last day shall also be excluded, but according to its own terms, which expressly include October 2d; so that, though that day is Sunday, the transcript cannot be filed on the next day.

LANDLORD AND TENANT—DISTURBANCE OF POSSESSION—LIABILITY.

4. A complaint which alleges that plaintiff was entitled as lessee of the owner to the possession of premises and that defendant maliciously, without right, and against plaintiff's consent, occupied the premises to plaintiff's damage in a sum specified, states a cause of action.

PLEADING—AMENDMENTS—ALLOWANCES.

5. Where the complaint for damages for unlawful use and occupation of premises alleged that defendant unlawfully occupied the premises for a specified period, an amendment extending the period of the unlawful occupation was properly allowed within the discretion of the court in furtherance of justice.

PLEADING—AMENDMENTS—ALLOWANCES.

6. In an action for damages for unlawful use and occupation, the allowance of an amendment to the reply, so as to plead a judgment obtained by plaintiff against defendant in an action of forcible entry and detainer in relation to the same premises, was within the discretion of the court in furtherance of justice.

APPEAL AND ERROR—HARMLESS E RROR—ERRONEOUS ADMISSION OF EVIDENCE.

7. The error, if any, in admitting evidence disregarded by the court trying the case without a jury is not prejudicial.

From Multnomah: WILLIAM N. GATENS, Judge.

***

Decided March 7, 1911.

## ON MOTION TO DISMISS.

[113 Pac. 852.]

Statement by MR. JUSTICE BURNETT.

This is an action by M. A. Zelig against the Blue Point Oyster Co., a corporation, and Sam Mackin. Plaintiff recovered judgment in the circuit court, and defendants appeal.

In this case, after a trial before the court, a judgment was rendered and entered of record February 26, 1910, at the February term of the circuit court of Multnomah County. On March 3, 1910, upon a stipulation of the parties, the court ordered "that the defendants have up to and including the 5th day of March, 1910, in which to file exceptions to the findings of fact and conclusions of law heretofore signed and entered by the court February 26, 1910, in favor of plaintiff, and to offer findings of fact and conclusions of law on behalf of the defendants, and that all of the same may be filed *nunc pro tunc* as of February 26, 1910." Nothing, however, was filed in pursuance of this order until March 7th, that being the first day of the succeeding March term of the circuit court. On March 22, 1910, on the *ex parte* application of plaintiff's counsel, the court entered an order vacating the judgment of February 26, 1910, and directing that the case be considered as waiting the action of the court upon the findings of fact and conclusions of law and the exceptions of the

defendants to the same, and the request of the defendants that the court make other findings. On March 26th both parties appeared, and, after argument, the court overruled the defendants' exceptions and their request that the court make other findings. On March 29th, both parties appearing, after argument the court entered an order vacating the order of March 22, 1910, which was itself an order vacating the judgment of February 26, 1910, and reinstated the judgment of February 26th. From time to time thereafter the defendants applied to the circuit court and were granted in all five extentions of time in which to file a transcript in this court, and finally, on September 30, 1910, on motion of the defendants and by consent of the plaintiff, the circuit court ordered, "that defendants have up to and including the 2d day of October, 1910, in which to prepare and file a transcript of the record herein in the Supreme Court of the State of Oregon." The transcript was filed in this court October 3, 1910. The plaintiff and respondent now moves to dismiss the appeal for two reasons, in substance: First, because the orders made by the circuit court during its March term are final orders, and from them and not from the judgment of February 26th rendered at the February term must the appeal be taken; and, second, because the transcript was not filed within the time allowed by the order of September 30, 1910.     APPEAL DISMISSED.

*Mr. Julius Silverstone* for the motion.

*Mr. Claude Strahan* and *Waldemar Seton, contra.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The court having rendered a final judgment of February 26, 1910, its power to amend the same lapsed with the end of the February term except for mere clerical

errors, but not for matters of substance, unless the court retained its jurisdiction over it for subsequent purposes by means of the filing of a motion for a new trial or some such means. Opportunity was given thus to keep the judgment within the breast of the court by filing exceptions to the findings and a motion to the court to render other findings, but this opportunity was allowed to lapse, and, so far as the record before us discloses, nothing was done at the February term that would retain the judgment in this case within the bosom of the court; hence the power of the court over that judgment ceased with the end of its February term. *Deering* v. *Quivey,* 26 Or. 556 (38 Pac. 710) ; *Henrichsen* v. *Smith,* 29 Or. 475 (42 Pac. 486: 44 Pac. 496) ; *Alexander* v. *Ling,* 31 Or. 222 (50 Pac. 915).

2. Therefore the orders of the court rendered at its March term in this action may be considered void, and, although as such void orders they might be appealable on the doctrine of *Smith* v. *Ellendale Mill Co.,* 4 Or. 70, and kindred cases yet, being void, neither they nor the appeal therefrom would affect the judgment of February 26th. By an appeal from the void judgment, the records might be purged of such useless matter, but it is apprehended that the power of the appellate court could go no further than this. The order of September 30th in terms allowed the appellant "up to and including the 2d day of October, 1910," in which to file a transcript on appeal in this court. The appellants contend that because October 2, 1910, was a Sunday, they were in time by filing the transcript on the succeeding Monday, October 3d, and they rely upon Section 531, L. O. L.:

"The time within which an act it to be done as provided in this Code shall be computed by excluding the first day and including the last, unless the last day fall upon Sunday, Christmas or other nonjudicial day, in which case the last day shall also be excluded."

All the cases hitherto decided by this court involving a construction of this section are cases in which a certain number of days were allowed by order within which a given act might be performed. No case has arisen hitherto where this section has been applied in construing an order of court allowing an act to be done by a certain date, or, in the language of the order in question, "up to and including" a given date. The language of the concluding paragraph in *Washsmuth* v. *Routledge,* 36 Or. 307 (51 Pac. 443: 59 Pac. 454), is seemingly in conflict with this statement, but an examination of the transcript in that case discloses that the order in question there allowed 20 days within which to file an abstract, and by computation it appeared that the 20 days expired on Sunday, November 14th. By applying this section to the computation of 20 days the last of which was Sunday the court determined that the filing was in time on the 15th.

3. The question, then, is, What construction shall be given to this order of the court allowing the appellants up to and including Sunday, October 2, 1910, in which to file the transcript? It is well to bear in mind that the statute provides for computation of time in which an act is to be done as provided in the Code. The reason for this is plain. The legislature in prescribing that an act should be done in 30 days or any other number of days after a given event could not, of course, foresee what situations would arise to which this rule was applicable, and as a conventional rule for computing time to be applied in general to such cases prescribed that, when the last day fell upon Sunday, it should be excluded. Many respectable authorities have laid down the rule that under such circumstances the act could not be performed later than the preceding Saturday, but the practice is different in this State, and the more liberal rule

is enforced of allowing the act to be done on the succeeding Monday when it depends upon a given number of days, the last of which is Sunday. But this is a rule of construction applied to an act to be done as provided in the Code, and not to cases where orders prescribe otherwise in express terms. In *Wachsmuth* v. *Routledge,* 36 Or. 307 (51 Pac. 443 : 59 Pac. 454), it was contended upon a statute requiring an appellant to file the transcript "by the second day of the next regular term of the appellate court thereafter" that the filing should take place before the second day of the term, but the court here held that it was in time if the transcript was filed on the second day, but did not extend the rule further. By parity of reasoning, if it is proper to construe the order of September 30th by this rule, the filing of the transcript could not take place after the day allowed in the order, even though that day be Sunday. The order must be construed not by the rule of the statute, because the statute expressly refers to an act to be done as provided in the Code, according to its own terms. The order was made by consent of the parties having knowledge of the calendar, and being fully aware of the days of the week involved. The court expressly included Sunday, October 2d, in the order. It had a right to make the order in those terms. The fact that is was thus made by the consent of the parties makes it in a sense their contract of record, and we cannot so construe it under these circumstances as to exclude Sunday, when it expressly states that Sunday was included.

It follows that filing the transcript after the time thus limited by the circuit court was too late to give this court jurisdiction. The result is that the appeal is dismissed.      Appeal Dismissed.

Decided April 4, 1911.

## ON PETITION FOR REHEARING.

MR. JUSTICE BURNETT delivered the opinion of the court.

Since the petition for rehearing was filed in this cause, challenging the correctness of the order dismissing the appeal, it has for the first time come to the knowledge of the court by the statement of the clerk that the transcript herein reached his possession at least by October 2, 1910, which day being Sunday, according to his custom he marked it filed as of the following day. This being true, the appellant was in time with his transcript. The former order dismissing the appeal is set aside and the motion to dismiss the appeal is overruled.

FORMER ORDER DISMISSING APPEAL SET ASIDE: MOTION TO DISMISS APPEAL DENIED.

Argued March 27, decided April 9, rehearing denied May 14, 1912.

## ON THE MERITS.

[122 Pac. 757.]

Statement by MR. JUSTICE MCBRIDE.

This is an action to recover damages for the alleged unlawful use and occupation of certain premises held by plaintiff under a lease and subsequently sublet by him to defendants. The orignal complaint is as follows:

"That at all times herein mentioned the above-named defendant the Blue Point Oyster Company was, ever since has been, and now is, a corporation duly incorporated, existing and doing business at Portland, Oregon, under and by virtue of the laws of the State of Oregon. That heretofore, and from and including the 1st day of September, 1908, to and including the 25th day of December, 1908, being a period of 116 days, the plaintiff was lessee from the owner and thereby entitled to the possession of the following described premises, to-wit,

the west half of those certain store premises at number 364 Morrison Street, in Portland, Oregon. That during the whole of said period, in paragraph two mentioned, the above defendants willfully, maliciously, and without right, and against the consent of the plaintiff, occupied the whole of the premises in paragraph two described, and deprived the plaintiff during the whole of said period of the use of the said premises to the damage of the plaintiff in the sum of $380."

There was an additional cause of action set up but it was waived on the trial. The defendants answered, denying all the allegations of the complaint except the incorporation of defendant the Blue Point Oyster Company, and for a further and separate answer alleged the following:

"That at all times mentioned in plaintiff's complaint, and for a long time prior thereto, plaintiff was and has been in possession of the premises therein described, under and pursuant to a certain agreement of leasing duly made and entered into by and between plaintiff and defendant on or about the — day of May, 1908, and that at all of said times mentioned in plaintiff's complaint defendants were tenants of the plaintiff under and pursuant to said agreement, which acts are the same of which plaintiff complains in said complaint."

Plaintiff answered, denying the new matter in the defendants' answer.

When the cause came on for trial, plaintiff asked leave to amend his complaint so as to extend the time in which he claimed that defendants unlawfully occupied the premises to February 10th instead of December 25th, as alleged in the original complaint, which amendment was permitted by the court, over the objection of defendants. Later in the trial the court permitted plaintiff to amend his reply so as to plead a judgment obtained by him against defendants in an action of forcible entry and detainer, in relation to the same premises, to which rul-

ing defendants excepted.  Plaintiff was also permitted
to testify, over objection, that he had an offer of $75
per month for the rent of the premises which defendants
were unlawfully occupying then; and he was allowed
to show that he subsequently let the premises for $70
per month.          AFFIRMED : REHEARING DENIED.

For appellants there was a brief over the names of
*Mr. Claude Strahan* and *Mr. Waldemar Seton,* with an
oral argument by *Mr. Strahan.*

For respondent there was a brief and an oral argument
by *Mr. Julius Silverstone.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Appeals in matters of this kind are an abuse of the
privilege of appeal.  The defendants claimed that the
rent they should have paid, and did not pay, amounted
to about $213.  The court found against them for $80
more than this, and we have a large transcript and
extensive briefs over a net difference between the parties
of $80.

4. The complaint states a cause of action against the
defendants.  The learned discussion between counsel
whether this is an action *"quare clausum fregit"* or one
sounding in case is wasted effort.  Plaintiff states that
he was entitled, as lessee under the owner, to the posses-
sion of the premises, and that defendants maliciously,
without right, and against his consent, occupied the
premises to his damage in the sum claimed.  Now it
does not matter whether he was in possession or out
of possession, or whether he has by his pleading brought
himself within any common-law form of action.  He has
stated in "plain, succinct language" a wrong done him,
and that is all that the Code requires.

5, 6. The amendments appear to have been in further-
ance of justice and were within the discretion of the

court. The evidence objected to was possibly inadmissible, but does not appear to have misled the trial court.

7. The obnoxious testimony was concerning an offer of $75 per month and a subsequent letting for $70 per month. The court allowed plaintiff $55 per month and evidently disregarded the testimony of these witnesses.

Defendants had a fair trial and suffered injury to no substantial right, and the judgment is affirmed.

AFFIRMED: REHEARING DENIED.