**DAY, Adm'r, v. HARTNESS et al.**

No. 12296—Opinion Filed Feb. 7, 1922.

Rehearing Denied April 4, 1922.

(Syllabus.)

1. **Appeal and Error—Case-Made—Time for Service.**

Where the time within which to serve a case-made was extended up to and including January 30th, service was required before the expiration of that day.

2. **Same—Computation of Time.**

Section 5341, Rev. Laws 1910, providing, "the time within which an act is to be done shall be computed by excluding the first day, and including the last; if the last day be Sunday, it shall be excluded." does

not apply to an order extending the time for serving a case-made up to and including January 30th, so as to authorize service on January 31st, though January 30th falls on Sunday.

Error from District Court, Osage County; Chas. B. Wilson, Jr., Judge.

Action by Elijah Hartness against Boyce E. Day and others. Judgment for plaintiff, and defendant Boyce E. Day, administrator of the estate of John A. Day, brings error. Dismissed.

H. C. Hargis, for plaintiff in error.

Leahy, Macdonald, Burnett & Files, for defendants in error.

NICHOLSON, J. This cause comes on for hearing on the motion of the defendants in error to dismiss the appeal for several reasons, but only one ground for dismissal is argued and that is that the case-made was not served upon defendants in error, or either of them, within the time allowed by order of the trial court.

It appears that on January 18, 1921, the court made an order extending the time up to and including the 30th day of January, 1921, within which the plaintiff in error should make and serve a case-made upon the defendants in error, and that the case-made was not served until January 31, 1921. January 30, 1921, fell upon Sunday. No response to the motion to dismiss has been filed.

Section 5341, Rev. Laws 1910, provides:

"The time within which an act is to be done shall be computed by excluding the first day, and including the last; if the last day be Sunday, it shall be excluded."

All the cases heretofore decided by this court involving a construction of this section of the statute are cases where a certain number of days were allowed within which a given act should be performed. We have been unable to find a case by this court where this section has been applied in construing an order of the court requiring an act to be done "up to and including" a given date.

We are of the opinion that this order must be construed, not by the wording of the statute, but by its own terms, and by its terms Sunday was included, and the case-made must have been served not later than the 30th day of January, 1921. In Buck's Stove & Range Co. v. Davidson (Kan.) 79 Pac. 119, it was held that section 722 of the Code of Civil Procedure (which is identical with section 5341, supra) did not apply to

an order extending time for serving a case-made to August 10th, so as to authorize service on that day, though August 9th fell on Sunday; and in Zelig v. Blue Point Oyster Co. (Ore.) 113 Pac. 852, it was held:

"An order, made by consent of parties 'that defendants have up to and including the second day of October, 1910,' to file transcript, is to be construed, not according to L. O. L. sec. 531, declaring that the time within which 'an act is to be done as provided in this Code' shall be computed by excluding the first day and including the last, unless the last day falls on Sunday, in which the last day shall also be excluded, but according to its own terms, which expressly include October 2d, so that, though that day is Sunday, the transcript cannot be filed on the next day."

For the reason that the case-made was not served within the time allowed by order of the court, the filing of said case-made conferred no jurisdiction upon this court.

The motion to dismiss is sustained, and the appeal is dismissed.

PITCHFORD, V. C. J., and JOHNSON, McNEILL, and ELTING, JJ., concur.