228 Or. 575 (1961)
365 P.2d 1042
IN THE MATTER OF THE APPORTIONMENT OF SENATORS AND REPRESENTATIVES UNDER ARTICLE IV, § 6, OREGON CONSTITUTION.
Supreme Court of Oregon.
Submitted October 2, 1961.
Reapportionment sustained October 27, 1961.
*576 O'CONNELL, J.
Pursuant to the mandate of this court issued on September 22, 1961, In the Matter of the Review of Chapter 482, Oregon Laws 1961, relating to the apportionment of Senators and Representatives, 228 Or 562, 364 P2d 1004 (1961), the Honorable Howell Appling, Jr., Secretary of State, has submitted to the court a reapportionment plan as required by Article IV, § 6 (2) (c), Oregon Constitution.
1. The Secretary of State's draft of a reapportionment of senators and representatives was first submitted *577 on September 28, 1961. By letter dated October 2, 1961, he submitted two amendments to the plan originally filed by him.[1]
Article IV, § 6 (2) (c) requires that the Secretary of State return his draft of a reapportionment by October 1 of the year in which the legislature enacts a reapportionment measure. Inasmuch as October 1, 1961 fell on Sunday the time within which the draft was returnable was extended to October 2.[2]
Being uncertain as to whether the amendments of October 2, 1961 were submitted as amendments of the plan previously submitted by the Secretary of State or as a suggestion for the correction of that plan which the court itself might desire to make, the court, in order to clarify the scope of its authority, advised the Secretary of State by letter dated October 19, 1961 that the court was not authorized to amend the plan submitted by him unless it found the amendments were necessary to make the plan constitutional. We further *578 advised that if the Secretary of State wished the court to consider the suggested amendments it would be necessary for him to file a revised reapportionment plan. The Secretary of State did file, on October 23, 1961, a revised plan containing only the changes recommended in his letter of October 2, 1961. This action by the Secretary of State confirms his apparent intention to accomplish by his letter of October 2, 1961 an amendment of his original plan.
The initial question for our consideration is whether the revised plan was timely filed. The procedure for accomplishing the purposes of Article IV, § 6 is cast in the most general terms. It is necessary, therefore, for us to fill in the procedural interstices as the occasion demands in accordance with the objectives of the constitution. Those procedures should be as simple and informal as possible.
2. Although the letter of October 2 is cast in terms of a suggestion to this court, the letter makes it clear that the recommended revision was proposed by the Secretary of State out of his conviction that there had been an inconsistency in the treatment of two identical situations and that the change should be made. Under these circumstances we believe that it is within the spirit of Article IV, § 6 to treat the changes recommended by the Secretary of State in his letter of October 2, 1961 as an amendment to the original plan submitted by him on September 28, 1961 and, therefore, within the deadline set by the constitution.
We turn then to a consideration of whether the plan as revised is constitutional. We are of the opinion that it is.
3-6. It is important that we make clear the nature *579 of our function in reviewing the reapportionment made by the Secretary of State. Article IV, § 6 (2) (c) calls upon us to exercise our usual judicial function in passing upon the constitutionality of the plan submitted by the Secretary of State. In the exercise of that function we are not privileged to substitute our judgment as to the wisdom of the plan of reapportionment submitted to us; we are obligated to sustain a reapportionment if it is in compliance with Article IV, § 6 (1). As we indicated in our review of the original plan created by the legislative assembly, there is a broad discretion vested in the legislature in applying the constitutional formula for apportionment. There we stated that "the legislature has the discretion to make any adjustment in the treatment of major fractions which is rational and consistent with the fundamental constitutional requirement that apportionment be made according to the population of the state in each county or district." (364 P2d at 1008). A similar breadth of discretion is vested in the Secretary of State in formulating his draft of a reapportionment. The Secretary of State's plan as revised, which is set out in the margin, meets this constitutional requirement.[3]
The clerk of this court is directed to file with the Governor the reapportionment submitted by the Secretary of State.
*580 
NOTES
[1] The text of the letter was as follows:

"In further study of the House of Representatives reapportionment plan which I submitted to the Honorable Court under date of September 28, 1961, I now find two refinements which I would respectfully recommend be made in the plan and which are brought to the Court's attention for its consideration.
"These refinements concern the treatment of counties possessing whole numbers and major fractions which have, of necessity, been combined with minor fraction counties. In the case of districts 13 and 16 only the excrescence above the whole number was combined into a joint district with an adjacent minor fraction county for purposes of additional representation. In districts 20 and 23, however, both the whole number and the major fraction were so combined, with the result that the minor fraction county would share in the election of the total representation of the larger-populated adjacent county with which it was combined.
"It is now realized that this is an inconsistency in treatment of identical situations and it is, therefore, suggested that the Honorable Court might wish to consider making the following changes: [setting forth changes]."
[2] We regard the method of computing time provided for in ORS 174.120 as applicable in the construction of Article IV, § 6. ORS 174.120 provides as follows:

"174.120 Computation of time. The time within which an act is to be done, as provided in the civil procedure statutes, is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded."
[3] SENATE HOUSE OF REPRESENTATIVES
 The senatorial districts, the The representative districts, the
 county or counties constituting each county or counties constituting each
 district and the number of senators district and the number of
 to which each district is representatives to which each
 entitled are as follows: district is entitled are as follows:

 No. of No. of
 Dist. Counties Senators Dist. Counties Representatives
 1 Marion 2 1 Clatsop 1
 2 Linn 1 2 Columbia 1
 3 Lane 3 3 Tillamook 1
 4 Douglas 1 4 Washington 3
 5 Jackson 1 5 Yamhill 1
 6 Josephine 1 6 Multnomah 17
 7 Coos 1 7 Clackamas 4
 Curry 8 Lincoln 1
 8 Yamhill 1 9 Polk 1
 Washington 10 Benton 1
 9 Washington 1 11 Marion 4
 10 Polk 1 12 Linn 2
 Benton 13 Lane 5
 11 Clackamas 2 14 Benton 1
 12 Multnomah 8 Lane
 13 Tillamook 1 15 Douglas 2
 Lincoln 16 Coos 1
 14 Clatsop 1 17 Coos 1
 Columbia Curry
 15 Klamath 1 18 Josephine 1
 16 Harney 1 19 Jackson 3
 Grant 20 Klamath 1
 Malheur 21 Deschutes 1
 Baker Crook
 17 Umatilla 1 Jefferson
 Union 22 Wasco 1
 Wallowa Hood River
 18 Wheeler 1 23 Umatilla 1
 Hood River 24 Union 1
 Wasco Wallowa
 Sherman 25 Baker 1
 Gilliam Grant
 Morrow 26 Malheur 1
 19 Jefferson 1 Harney
 Deschutes 27 Klamath 1
 Crook Lake
 Lake 28 Umatilla 1
 Morrow
 Gilliam
 Sherman
 Wheeler