Argued July 8, affirmed August 7, 1975

FIRST NATIONAL BANK, *Appellant, v.*
MOBIL OIL CORPORATION, *Respondent.*

538 P2d 919

*Donald C. Walker,* Portland, argued the cause and filed the brief for appellant.

*Frank Bosch,* Portland, argued the cause and filed the brief for respondent.

TONGUE, J.

This is a proceeding under ORS 27.010 for the submission of a controversy for decision by the trial court, without a jury, based upon an agreed statement of the case. Plaintiff appeals from an adverse judgment.

The controversy involves the interpretation of the provisions of a lease. More particularly, the question is whether defendant gave timely notice to renew the lease in accordance with a provision which required that such notice be given "at least 30 days prior to the expiration of the then current term."[1]

---

[1] *"Renewals.* Lessee shall have the option to renew this lease for three successive terms of five years * * * To exercise each option Lessee shall give Lessor notice of its election to renew at least 30 days prior to the expiration of the then current term."

The expiration date of the lease was April 30, 1974. The 30th day prior to that date was Sunday, March 31, 1974. On the next day, Monday, April 1, 1974, Mobil (the lessee), mailed notice of its election to renew the lease, which also provided that "Notice by mail shall be deemed given at the time of mailing."

Mobil contends that this notice was timely because it is provided by ORS 187.010(2) that:

"Any act authorized, required or permitted to be performed on a holiday as designated in this section may be performed on the next succeeding business day; and no liability or loss of rights of any kind shall result from such delay."

Plaintiff contends that the notice was not timely because notice of 30 "clear days" was not given; that ORS 187.010(2) is "not controlling where a notice must be given prior to a certain time"; that "since notice could be given by Mobil by mail, the power to comply was within its dominion and not Lessor's"; and that because Mobil drew the lease it must be strictly construed against it.

The trial court held that ORS 187.020(2) is applicable and that the notice mailed on Monday, April 1, 1974, constituted timely notice, so as to entitle Mobil to a renewal of the lease. We affirm.

██ Even at common law, and in the absence of statute, the general rule is that when the last day for the performance of an act required by contract falls on a Sunday, the act may be performed on the following day[2] and that this rule is ordinarily to be applied in landlord and tenant cases for the purpose of comput-

---

[2] 14 Williston on Contracts (Jaeger 3d ed 1972) 834, § 1700. See also 2 Restatement of Contracts 1040, § 538(2), and Comment (d), p 1044.

ing the time for payment of rent or for giving notice to terminate a tenancy.[9]

Most states, however, including Oregon, have adopted statutes on the subject of "computation of time" and "holidays" (including Sundays). Some of these statutes relate to the computation of the time within which an act must or may be done as provided by other statutes. Others relate to the computation of time within which an act must or may be done as provided by negotiable instruments or other contracts.

The Oregon statutes on these subjects include the following:

ORS 174.120 (originally adopted as Oregon Laws 1862, p 129, § 510), which provides:

> *"Computation of time.* The time within which an act is to be done, as provided in the civil procedure statutes is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded."

ORS 187.010(1)(a) (Oregon Laws 1949, ch 145, § 1, the successor to Oregon Laws 1885, p 49, § 1), provides that "each Sunday" is a "legal Holiday."

ORS 187.030(3) (Oregon Laws 1949, ch 145, § 1, the successor to Oregon Laws 1885, pp 49-50, § 1), provides that:

> "Negotiable instruments falling due on any holiday designated in ORS 187.010 or 187.020 shall be due and payable on the next succeeding business day."

ORS 187.010(2) (originally adopted as a part of Oregon Laws 1949, ch 145, § 1, which added that provision) provides that:

> "Any act authorized, required or permitted to

---

[9] Annot., 29 ALR 239 (1924); 1 Tiffany, Landlord and Tenant 1045 (1910). See also *McConnell v. Beach Realty Co.,* 128 NJ L 493, 27 A2d 195 (1942).

be performed on a holiday as designated in this section may be performed on the next succeeding business day; and no liability or loss of rights of any kind shall result from such delay."

Numerous decisions by this court have held that for the purpose of computation of the time within which an act is to be done *"as provided in the civil procedure statutes"* (as now provided by ORS 174.-120), when the last day falls on a Sunday that day is to be excluded for the purpose of determining the last day when such an act may be performed. These include cases involving time for the filing of notice of appeal;[4] the filing of an abstract or transcript on appeal;[5] and the filing of a lien,[6] among other things.[7]

This court has not previously had the occasion to consider a case arising under ORS 187.030(3), involving the computation of time for payments as provided by negotiable instruments, or ORS 187.010(2), involving the computation of the time within which acts are to be done as provided by leases or other contracts. However, *Zelig v. Blue Point Oyster Co.,* 61 Or 535, 113 P 852, 122 P 756 (1912), involved an order by a trial court entered by consent of the parties and allowing "to and including October 2, 1916," to file a transcript

---

[4] *Carothers v. Wheeler,* 1 Or 194 (1855); *Hewey v. Andrews,* 82 Or 448, 159 P 1149, 161 P 108 (1916).

[5] *Wachsmuth v. Routledge,* 36 Or 307, 51 P 443, 59 P 454 (1897); *McCabe-Duprey Tanning Co. v. Eubanks,* 57 Or 44, 102 P 795, 110 P 395 (1910); *Re Application of Riggs et al,* 105 Or 531, 207 P 175, 207 P 1005, 210 P 217 (1922); *Turnbow v. Keller,* 142 Or 200, 12 P2d 558, 19 P2d 1089 (1933); *Ewen v. Smith,* 156 Or 669, 69 P2d 523 (1937).

[6] *Barr v. Lynch,* 163 Or 607, 97 P2d 185 (1940).

[7] See also *In re Legislative Apportionment,* 228 Or 575, 365 P2d 1042 (1961)—time for filing by the Oregon Secretary of State a draft of legislative reapportionment. See also *Rice v. Douglas County,* 93 Or 551, 183 P 768 (1919)—time for posting of a notice in a proceeding to establish a county road; and *Steeves v. Steeves,* 139 Or 261, 9 P2d 815 (1937)—time for filing of an answer and taking of a default judgment.

on appeal. October 2, 1916, was a Sunday. This court held (at 540):

"* * * The court expressly included Sunday, October 2d, in the order. It had a right to make the order in those terms. The fact that it was thus made by the consent of the parties makes it in a sense their contract of record, and we cannot so construe it under these circumstances as to exclude Sunday, when it expressly states that Sunday was included."

In arriving at that conclusion this court did not consider what is now ORS 187.010(2), but considered only what is now ORS 174.120 (relating to time for doing acts as provided by statute). The court said (at 539-40):

"* * * The legislature in prescribing that an act should be done in 30 days or any other number of days after a given event could not, of course, foresee what situations would arise to which this rule was applicable, and as a conventional rule for computing time to be applied in general to such cases prescribed that, when the last day fell upon Sunday, it should be excluded. Many respectable authorities have laid down the rule that under such circumstances the act could not be performed later than the preceding Saturday, but the practice is different in this State, and the more liberal rule is enforced of allowing the act to be done on the succeeding Monday when it depends upon a given number of days, the last of which is Sunday. But this is a rule of construction applied to an act to be done as provided in the Code, and not to cases where orders prescribe otherwise in express terms. * * *"

It is important to note, however, that *Zelig* involved an order by a court and one which, although entered by consent of the parties, specifically designated a Sunday as the last day on which the act involved in that case could be performed. In this case

the lease did not specifically designate Sunday, March 31, 1974, as the last day on which notice of renewal of the lease could be given. The lease was for a 10-year term, with the option to renew for three successive terms of five years, and with notice of an election to renew to be given "at least 30 days prior to the expiration of the then current term."

The few landlord-tenant and vendor-purchaser cases decided by courts in other states upon this question support this same result under statutes not limited to time for the performance of acts to be done as provided by statute (as in ORS 174.120), but which also extend to acts either authorized or required to be performed by contract.

Thus, in *Selig v. McCarthy*, 281 Mass 106, 183 NE 153 (1932), the court considered the question whether notice by a tenant to terminate a tenancy was seasonably given. The last day for the giving of such notice fell on a Sunday. A Massachusetts statute provided that:

" '* * * Except as otherwise provided, when the day or the last day for the performance of any act * * * *authorized or required by statute or by contract,* falls on Sunday * * * the act may, unless it is specifically authorized or required to be performed on Sunday * * * be performed on the next succeeding business day.' * * *'" (Emphasis added)

The court held that the giving of that notice was not "specifically authorized or required" to be given on Sunday, with the result that, by the terms of the statute, it was properly given on the following Monday.

To the same effect, *Tucker et al v. Thraves*, 50 Okla 691, 151 P 598 (1915), was a vendor-purchaser case involving an attempted rescission of a land sales contract for failure to make payment of the balance due upon the day required by the contract, which

apparently was on a holiday. The Oklahoma statute provided that:

> "Whenever any act of a secular nature, other than a work of necessity or mercy, is *appointed by law or contract* to be performed upon a particular day, which day falls on a holiday, such act may be performed upon the next business day, with the same effect as if it had been performed upon the day appointed." (Emphasis added)

The court held (151 P at 600) that:

> "* * * [I]t was an act of a secular nature; that it was appointed by contract to be performed upon February 22, 1911; that said day was a holiday under section 2932, supra; that on the following day, which was February 23d, and which was the next business day, plaintiffs tendered the full purchase price under the contract. It was to meet this class of cases that gave rise to the passage of the foregoing section. * * *"

■ We agree with the holdings in these cases, as applied to the facts of this case. It is true that ORS 187.010(2) does not, by its express terms, refer to acts to be performed as provided by contracts. Because, however, ORS 174.120 specifically refers to acts to be performed "as provided in the civil procedure statutes," and ORS 187.030(3) expressly refers to the act of payment to be performed as provided by negotiable instrument, it follows, in our opinion, that by the subsequent enactment in 1949 of what is now ORS 187.-010(2) referring in broad and all-inclusive terms to *"any* act *authorized,* required or *permitted* to be performed on a holiday" the legislature intended that this statute extend to acts to be performed as provided by contracts, so as to permit the performance of such acts upon the "next succeeding business day," at least unless the contract specifically designates a Sunday as the day on which an act must be performed or as the last day on which the act may be performed.

We also believe that the adoption of such a rule is proper so as to provide a rule which is consistent with the rule established by decisions of this court under ORS 174.120. The matter of the computation of periods of time for the performance of acts has been the subject of much litigation and is a matter on which it is important that the rules adopted by this court be as clear, certain and consistent as possible. For this reason, it is a subject of such a nature that "parties should not be encouraged to seek re-examination of determined principles and to speculate on a fluctuation of the law with every change in the expounders of it," as stated in *Re Application of Riggs et al*, 105 Or 531, 535, 207 P 175, 207 P 1005, 210 P 217 (1922), quoting from other authority.

■ It must also be remembered that the rule which we adopt in this case is one which is applicable not only in landlord-tenant cases in which the landlord is a large bank and the tenant is a large corporation, as in this case, but to all landlords and tenants. This court has also been reluctant to hold that option rights under contract are to be forfeited by reason of delay in the giving of notice where defendants have claimed no prejudice or damage by reason of such delay. See *Albachten v. Miller et ux*, 216 Or 379, 339 P2d 427 (1959).

The cases most heavily relied upon by plaintiff on this appeal did not involve time for performance of acts as provided by contract, as in this case, but were election cases in which the legislature, by statute, had expressly provided that candidates must file for elections "at least" or "not less than" a specified number of days before an election.[8] In such cases, the prob-

---

[8] See *Griffin v. Dingley*, 114 Cal 481, 46 P 457 (1886); *Hutchins v. County Clerk of Merced County*, 140 Cal App 348, 35 P2d 563 (1934); *Steele v. Bartlett*, 18 Cal 2d 573, 116 P2d

lem presented was one of determining the interpretation and priority to be given to such a statute, on such a specific subject, in relation to the more general terms of a statute of general application (such as ORS 187.010(2)). It is one thing to construe an election statute with such a provision as overriding the terms of a statute of general application. It is quite another thing to suggest, as plaintiff contends, that the terms of a contract should be construed as overriding the terms of such a statute, particularly where, as in this case, the contract did not "specifically authorize or require" the act to be performed on a Sunday, as previously discussed.

■ Plaintiff also contends that ORS 187.010(2) applies only in cases in which an obligor is frustrated in his performance by the fact the day appointed for his performance happens to be a Sunday or holiday and that the statute should not be applied in cases in which an act such as the giving of notice could be performed on a Sunday—here by the mailing of the notice.[9] To so limit the application of ORS 187.010(2) would, in our opinion, disregard its plain and unambiguous language, which specifically refers to "any act authorized, required or permitted to be performed on a holiday" and provides that "no liability or loss of rights of any kind shall result" from the performance of such an act on the next succeeding business day.[10]

For all of these reasons, the judgment of the trial court is affirmed.

---

780 (1941). See also *State ex rel Earley v. Batchelor,* 15 Wash 2d 149, 130 P2d 72 (1942), also involving the interpretation and priority to be given to a special statute prescribing time limitations.

[9] See *McLaughlin v. Brock,* 225 SW 575 (Tex Civ App 1925).

[10] We have also examined the other cases cited by plaintiff, from other states and under different statutes, and are not persuaded by them.